IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

SUSAN L. DICK, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-10-133-KEW
 )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
 )
        Defendant. )

## OPINION AND ORDER

Plaintiff Susan L. Dick (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on March 7, 1953 and was 56 years old at the time of the ALJ's decision. Claimant completed her high school education and attended one year of college. Claimant worked in the past as an aircraft mechanic, cook, and café manager. Claimant

alleges an inability to work beginning October 1, 2004 due to limitations arising from breathing problems, including COPD, bronchitis, asthma, and past surgery for lung cancer. Claimant also asserts she is disabled as a result of diabetes, bipolar disorder, residuals from a brain tumor, including memory and concentration problems, neck pain, shoulder problems, back pain, sleep problems, lack of energy, weakness, problems handling stress, and needing help with daily activities.

**Procedural History**

On September 19, 2006, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On September 18, 2008, an administrative hearing was held before ALJ John W. Belcher in Tulsa, Oklahoma. On April 13, 2009, the ALJ issued an unfavorable decision on Claimant's application. On January 15, 2010, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step two of the sequential

evaluation. He determined that no medical signs or laboratory findings existed to substantiate Claimant suffered from a medically determinable impairment through the date of last insurance.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in failing to: (1) adequately develop the record; and (2) properly consider medical opinion evidence in the record.

## Duty to Develop the Record

Claimant contends the ALJ failed to properly develop the medical record in order to determine whether Claimant had any severe or disabling impairments during the relevant period, ending on the date of last insured of December 21, 2004. Claimant was diagnosed with probable lung cancer on May 31, 2005. (Tr. 428). A biopsy was performed on June 26, 2005 which confirmed the presence of non-small cell carcinoma. (Tr. 186, 198).

At the administrative hearing, the ALJ questioned Claimant extensively about her earnings record in an effort to establish her date of last insured. While doing so, however, he failed to question the Claimant concerning the onset of symptoms of her lung cancer. Instead, the ALJ appeared to only focus upon the medical records in stating:

> ALJ: . . . Because right now, I'm afraid with these medical records here, from 2004 all they're showing

5

is that you have bronchitis and I would expect that
as a smoker and, unfortunately, there's no, it's
not one of those things, cancer is not one of those
things that you can see a tumor and say, oh it's
this size and, therefore, it's been around six
months or it's been around for two months or it's
been around for ten years, because they all grow at
different – . . . rates and even the same type of
cancer, in different people, grow at different
rates. So there's no evidence before April of '05
that you actually had cancer. All they talk about
is possible upper respiratory infections, and there
is an x-ray in '04 that shows there are – no, I'm
sorry, there was not an x-ray in '04. All we had
in '04 was some pains behind the, and that could be
caused by pneumonia or bronchitis or an upper
respiratory infection behind your left breast
there, when you had that pain there. So that's not
proof that you had cancer at that point.

(Tr. 34-35).

The ALJ expressed his own medical opinions and interpretation of the medical record but failed to inquire of the Claimant to ascertain with as much precision as possible the date of onset of her condition. Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing

consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). Further, the "ALJ has a basic duty of inquiry, 'to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts.'" Thompson v. Sullivan, 987 F.2d 1482, 1492 (10th Cir. 1993). The ALJ is required to ask enough questions to ascertain "'(1) the nature of a claimant's alleged impairments, (2) what on-going treatment and medication the claimant is receiving, and (3) the impact of the alleged impairment on a claimant's daily routine and activities.'" Id.

The ALJ failed to inquire of the Claimant concerning her condition between October of 2004 and the expiration of the date of last insured on December 31, 2004. The ALJ had a duty to inquire as to any functional limitations caused by the onset of Claimant's condition during the relevant period in order to fulfill his duty to adequately develop the record. On remand, the ALJ shall engage in the proper inquiry and develop the record accordingly.

### Consideration of Medical Opinions

Claimant also contends the ALJ failed to consider the opinion of her treating physician, Dr. Lance Carlton King. Dr. King authored a letter on September 11, 2008 in which he stated Claimant was diagnosed with lung cancer in June of 2005 which had

metastasized to her brain and bone. He further stated that Claimant was having difficulties in 2004 with shortness of breath, depression, stress, and extreme fatigue. Dr. King stated Claimant was taken off of work and had not returned. (Tr. 590). The ALJ ignored Dr. King's opinion that Claimant suffered from some limitation due to her condition in 2004, instead making the opposite finding that Claimant's impairments were not severe. (Tr. 14-17).

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the

treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

Not only did the ALJ fail to give any weight to Dr. King's opinion, he failed to acknowledge the opinion at all. On remand, the ALJ shall consider Dr. King's opinion, determine the weight to which it is entitled, and explain his decision within the rubric of

9

Watkins.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

DATED this 22nd day of September, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE